# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OHIO FARMERS INSURANCE COMPANY d/b/a WESTFIELD GROUP, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. N18C-10-007 CLS |
| v. | ) ) | |
| NORTHSTAR TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

Date Submitted: November 26, 2019
Date Decided: January 28, 2020

*Upon Defendant Northstar Technologies Inc.'s Motion for Summary Judgment*
**Denied.**
*Upon Plaintiff Ohio Farmers Insurance Company d/b/a Westfield Group's Motion for Summary Judgment*
**Denied.**

## ORDER

Seth A. Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware, Attorney for Plaintiff.

Marc Sposato, Esquire, Marks O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

1

Before the Court are cross motions for summary judgment. Plaintiff Ohio Farmers Insurance Company d/b/a Westfield Group ("Westfield") filed a breach of contract claim against Northstar Technologies Inc. ("Northstar"). For the following reasons Defendant Northstar's Motion for Summary Judgment is DENIED and Plaintiff Westfield's Motion for Summary Judgment is DENIED.

## Background[1]

Westfield and Northstar entered into an agreement in July 2017 ("Agreement"). Under the Agreement, Northstar agreed to license the Northstar Software to Westfield for use in Westfield's hospitality operations. In return, Westfield agreed to compensate Northstar for the software. Originally, the Agreement set December 6, 2017 as the date when the Northstar Software would be completely implemented on Westfield's systems; this date was based on Northstar's standard implementation timeline.

Throughout the course of the project, the parties agreed to move the "go live" date for the project on multiple occasions. October 1, 2018 was the last "go live" date to which the parties agreed. On September 6, 2018, Northstar notified Westfield that the "mobile app has already been reviewed and will be available for Go Live on the 1st of October without the cert implementation while with the cert, the app will

---

[1] The facts contained in this Background section are based on a Joint Stipulation of Facts filed by the parties on November 15, 2019. Joint Stipulation of Facts for Summary Judgment, Nov. 15, 2019.

2

be available in Mid October for Go Live."[2] On September 10, 2018, counsel for Westfield sent Northstar's CEO a letter alleging that Northstar was in default and that Westfield intended to terminate the Agreement.

## Parties' Assertions

### A. Defendant Northstar's Motion for Summary Judgment

Northstar moved for summary judgment on October 21, 2019. In its brief in support of its summary judgment motion, Northstar argues that it is entitled to judgment as a matter of law on Westfield's claim because Westfield cannot demonstrate Northstar breached a material covenant, warranty, or agreement under the Agreement. Northstar further argues that Westfield cannot prevail under a theory of anticipatory repudiation because Northstar never indicated to Westfield that it would not complete the project. Finally, Northstar argues that none of the modified "go-live" dates constituted a material term under the Agreement because the parties modified these dates to suit their needs over the course of the project.

In response, Westfield opposes Northstar's motion for summary judgment, arguing that Northstar's conduct breached a provision of the Agreement that obligated Northstar to meet deadlines. Westfield argues that it terminated the Agreement because Northstar failed to meet these deadlines; Westfield identifies three separate deadlines that Northstar allegedly failed to meet. Further, Westfield

---

[2] Joint Stipulation of Facts for Summary Judgment ¶ 68, Nov. 15, 2019.

contends that Northstar anticipatorily repudiated the Agreement, which entitled Westfield to immediately terminate the Agreement. Finally, Westfield urges the Court to interpret the Agreement's provisions according to their plain meaning because the terms are not ambiguous.

In its reply, Northstar argues that Westfield cannot demonstrate that Northstar breached a material covenant, warranty, or agreement because time was not of the essence in the Agreement. Northstar further argues that Westfield cannot show that Northstar anticipatorily repudiated the Agreement because Northstar could have completed the project by October 10, 2018.

### B.     Plaintiff Westfield's Motion for Summary Judgment

Westfield moved for summary judgment on October 21, 2019. In its brief supporting its summary judgment motion, Westfield argues that it is entitled to judgment as a matter of law because Northstar breached the Agreement at least three times. Westfield argues that Northstar failed to deliver the Northstar Software by July 31, 2018, by September 1, 2018, and by October 1, 2018. Westfield argues that Northstar breached the Agreement each time it failed to meet each of these deadlines.

In response, Northstar opposes Westfield's motion for summary judgment, arguing that the three dates are not material covenants, warranties, or agreements under the Agreement. Northstar also argues that Westfield cannot demonstrate Northstar anticipatorily repudiated the Agreement.

4

In its reply, Westfield argues that the terms of the Agreement are not ambiguous and thus, that the Court does not need to examine extrinsic evidence to determine what constitutes a "material covenant, warranty or agreement." Westfield also argues that the three dates constituted deadlines for the completion of the project that Northstar either failed to meet or unequivocally stated it could not meet.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[4] When considering a motion for summary judgment, this Court considers all facts in a light most favorable to the non-moving party.[5]

## Discussion

Both parties have moved for summary judgment, arguing that there are no genuine issues of material fact and that both parties are entitled to judgment as a matter of law. The Court disagrees. Although the parties agree that the "go-live"

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019); *Triumph Mortg. Corp. v. Glasgow Citgo, Inc.*, 2018 WL 1935968, at *3 (Del. Super. Apr. 19, 2018).
[5] *Infante*, 2019 WL 3992101, at *1.

5

date was moved several times over the course of the project, there are still genuine issues of material fact about the date by which the project was to be completed. Further, there are genuine issues of material fact about the parameters of the contract. Accordingly, summary judgment in favor of either party is improper.

## Conclusion

For the forgoing reasons, Defendant's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**